UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARSHAWN GRAFTON,

            Petitioner,

                                        CASE NO. 2:18-cv-12855
v.                                     UNITED STATES DISTRICT COURT
                                     JUDGE GERSHWIN A. DRAIN

JOHN DAVIDS,

            Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS [#1]; DENYING A CERTIFICATE OF APPEALABILITY; AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

**I. INTRODUCTION**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Marshawn Grafton ("Petitioner") was convicted of two counts of first-degree criminal sexual conduct ("CSC"), MICH. COMP. LAWS § 750.520b(1)(c), armed robbery, MICH. COMP. LAWS § 750.529, unlawful imprisonment, MICH. COMP. LAWS § 750.349b, first-degree home invasion, MICH. COMP. LAWS § 750.110a(3), and possession of a firearm during the commission of a felony ("felony firearm"), MICH. COMP. LAWS § 750.227b, following a jury trial in the Macomb County Circuit Court. Petitioner was

sentenced to concurrent terms of 23 years and 9 months to 54 years imprisonment on the CSC and armed robbery convictions, 10 to 15 years imprisonment on the unlawful imprisonment conviction, 13 years and 4 months to 20 years imprisonment on the home invasion conviction, and a consecutive term of 2 years imprisonment on the felony firearm conviction in 2016.  *See* ECF No. 7, PageID.57–58.

In his habeas petition, Petitioner raises claims concerning the conduct of the prosecutor and the effectiveness of counsel.  ECF No. 1, PageID.2.  Respondent John Davids ("Respondent") filed an answer in opposition, contending that the Petition should be denied.  ECF No. 7.  For the reasons set forth herein, the Court will **DENY** the habeas petition.  Further, the Court will **DENY** a certificate of appealability and will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

## II. BACKGROUND

Petitioner's convictions arise from a home invasion, armed robbery, and sexual assault of a woman at her apartment in Macomb County, Michigan on March 10, 2013.  The Michigan Court of Appeals described the relevant facts, which are presumed correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> This case arises from the armed robbery of an apartment and defendant's sexual assaults on that apartment's occupant, the victim in this case. Defendant was convicted, following a jury trial, during which the victim testified how a man who had disguised himself with a red bandanna and

hooded sweatshirt entered her apartment while carrying a silver pistol, and proceed to rob her and commit multiple sexual assaults against her. Three scientists working for the Michigan State Police also testified during the trial, and they described how defendant was identified using sperm cells taken from the victim's mouth, and how those results were verified. Additionally, Roseville Police Department Detective Sergeant Steven Kostenko testified that after defendant had been identified through his DNA, he conducted an interview with defendant. During this interview, defendant initially denied knowing the victim. However, after Detective Kostenko revealed that defendant's DNA had been found in the victim's mouth, defendant claimed that it was possible that he had participated in anonymous group sex with the victim at some point, but he was unable to provide any additional details regarding this purported encounter.

During trial, defendant testified that he was the victim's marijuana dealer, and that he had delivered marijuana to the victim during the night of the incident, and that they had engaged in consensual oral sex. Defendant admitted during cross-examination that his testimony during trial conflicted with the story he gave to Detective Kostenko, and he also admitted that his trial testimony was the first time he provided this version of the incident.

*People v. Grafton*, No. 329088, 2016 WL 7610188, *1 (Mich. Ct. App. Dec. 29, 2016)

(unpublished).

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals, raising the same claims presented on habeas review. The court denied relief on these claims and affirmed his convictions. *Id.* at *1-3. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *See People v. Grafton*, 500 Mich. 1024, 896 N.W.2d 445 (Mich. 2017).

3

Petitioner thereafter filed his present federal habeas petition raising the following claims: (1) the prosecutor's rebuttal argument was improper and denied him his state and federal constitutional right to due process and a fair trial; and (2) defense counsel was ineffective for failing to object to the purported prosecutorial misconduct. Respondent argues that the petition should be denied because the first claim is procedurally defaulted and both of the presented claims lack merit.

### III. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies

a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520–21 (citations omitted); *see also Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and citation omitted).

A state court's determination that a claim lacks merit "precludes federal habeas

relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* at 102. Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also White v. Woodall*, 572 U.S. 415, 419–20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125–26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. The requirements of clearly established law are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief. *Parker v. Matthews*, 567 U.S. 37, 48–49 (2012) (per curiam); *see also Lopez*

*v. Smith*, 574 U.S. 1, 2 (2014) (per curiam).  The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002)).

A state court's factual determinations are presumed correct on federal habeas review.  *See* 28 U.S.C. § 2254(e)(1).  A habeas petitioner may rebut this presumption only with clear and convincing evidence.  *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998).  Moreover, habeas review is "limited to the record that was before the state court."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. ANALYSIS

### A.    Procedural Default

As an initial matter, Respondent contends that Petitioner's prosecutorial misconduct claim is barred by procedural default.  ECF No. 7, PageID.69.  The Court declines to address this defense.  Procedural default is not a jurisdictional bar to habeas review.  *See Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005).  Moreover, federal courts on habeas review "are not required to address a procedural-default issue before deciding against the petitioner on the merits."  *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*,

520 U.S. 518, 525 (1997)).  The Supreme Court has explained: "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525.  Such is the case here. The procedural issue is complex and intertwined with the substantive claims such that the substantive claims are more readily decided on the merits.  Accordingly, the Court shall proceed to the merits of Petitioner's habeas claims.

### B.    Merits

#### 1.    Prosecutorial Misconduct Claim

Petitioner first asserts that he is entitled to habeas relief because the prosecutor engaged in misconduct by disparaging defense counsel during rebuttal argument. ECF No. 1, PageID.25.  Specifically, he contests the prosecutor's argument that the defense version of events was "crazy and preposterous" and the prosecutor's characterization of several of defense counsel's arguments as "red herrings."  *Id*. at PageID.27.  Respondent argues that this first claim is procedurally defaulted and that it lacks merit.  ECF No. 7, PageID.69.

The Supreme Court has stated that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction."  *Berger v. United States*, 295 U.S. 78, 88 (1935).  To prevail on a claim of prosecutorial misconduct, a habeas

petitioner must demonstrate that the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)*; Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citing *Donnelly*); *see also Parker v. Matthews*, 567 U.S. 37, 45 (2012) (confirming that *Donnelly/Darden* is the proper standard).

The Michigan Court of Appeals considered this prosecutorial misconduct claim and denied relief. The court explained:

> Prosecutors have significant freedom to present arguments to the jury based on the evidence and any reasonable inferences therefrom, extending to some degree of colorful phrasing and including arguments to the effect that a witness or the defendant should not be deemed credible. *People v. Unger*, 278 Mich App 210, 236–239; 749 NW2d 272 (2008); *People v. Steanhouse*, 313 Mich App 1, 33; 880 NW2d 297 (2015). Prosecutors may not suggest that defense counsel is being intentionally dishonest or that they have some special knowledge regarding a witness's credibility. *Id*. Remarks made by a prosecutor are considered in context, not in the abstract, and a remark that might otherwise be improper may be an entirely appropriate response to remarks or argument made by defense counsel. *People v. Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010); *Steanhouse*, 313 Mich App at 34–35. Ultimately, the question before us is whether the prosecutor's allegedly improper remarks deprived defendant of a fair and impartial trial. *People v. Mesik* (On Reconsideration), 285 Mich App 535, 541; 775 NW2d 857 (2009).

> The prosecutor referred to defendant's version of the incident as "preposterous" and "a crazy story," but "smart, in the sense that he's got to come up with a reason why his DNA is in her mouth." Given defendant's express acknowledgment of the latter, and the prosecutor's extensive deconstruction of defendant's version of events based on actual evidence such as the inconsistencies between his statements to

the police and at trial, this is simply a colorful expression of opinion regarding defendant's credibility. The prosecutor also referred to several of defense counsel's arguments as "red herrings." The prosecutor was not, in context, arguing that defense counsel was being truly deceitful or attempting to distract the jury from the truth. *See People v. Dalessandro*, 165 Mich App 569, 579–580; 419 NW2d 609 (1988) and *People v. Watson*, 245 Mich App 572, 592–593; 629 NW2d 411 (2001). This Court has also held that referring to an argument by defense counsel as a "red herring" is not an improper denigration "of defense counsel, but rather a fair argument regarding what the jury should believe." *People v. Blevins*, 314 Mich App 339, 356; 886 NW2d 456 (2016). The prosecutor's conclusion, "[l]adies and gentlemen, if you believe anything the defendant said, I've got a bridge in Brooklyn I'd like to sell you," is obviously hyperbolic, but merely stating a conclusion in a dramatic fashion is not per se improper. None of these remarks suggest special knowledge regarding a witness's credibility or a claim that defense counsel's argument was dishonest.

We not do think the prosecutor went too far in responding to defense counsel's question to the jury about why an unused condom found outside of the victim's apartment was not investigated further by stating;

> Just the last thing that defense just talked about, the condom. When you heard the detective, he said, yes, there was a condom found. It was one single condom in a wrapper. There was no testimony about how close that was to the location. This is what we call a red herring. What do I mean by that? When you have the facts on your side, you stand in front of a jury and you argue the facts. When you have the law on your side, you stand in front of a jury and you argue the law. When you don't have either of those things on your side, you throw everything out there and you hope something sticks, so that when jurors go in the back somebody's like wait, wait, wait, wait what about the condom. That's what I call that.

It certainly was to argue to the jury that they should decline defendant's invitation to find reasonable doubt on the basis of the unused condom

on the grounds that it was irrelevant. Furthermore, the prosecutor certainly did not need to be delicate about doing so.

We do not find in the record any indication that this affected the outcome of the proceedings. There was significant evidence of defendant's guilt, as much of the trial was spent detailing how three scientists identified and verified defendant's DNA, and also on defendant's inconsistent statements regarding the incident. Further, the trial court instructed the jury that the arguments made by the lawyers for each party were not evidence, and this instruction cured the prosecutor's error. *See People v. Callon*, 256 Mich App 312, 330–331; 662 NW2d 501 (2003) (holding that the trial court's instruction to the jury that the attorney's statements were not evidence dispelled any prejudice arising from the prosecutor's comment).

*People v. Grafton*, No. 329088, 2016 WL 7610188, *1–2 (Mich. Ct. App. Dec. 29, 2016) (unpublished).

The court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. This Court acknowledges that it is inappropriate for a prosecutor to make personal attacks on a defendant or defense counsel. *United States v. Collins*, 78 F.3d 1021, 1040 (6th Cir. 1996). Moreover, prosecutors may not "make unfounded and inflammatory attacks on the opposing advocate," *United States v. Young*, 470 U.S. 1, 9 (1985), "or argue that counsel is attempting to mislead the jury." *West v. Bell*, 550 F.3d 542, 565 (6th Cir. 2008). Prosecutors may, however, highlight inconsistencies or inadequacies in the defense, *Bates v. Bell*, 402 F.3d 635, 646 (6th Cir. 2005); point out the lack of evidence supporting the defense theory, *United States v. Forrest*, 402 F.3d 678, 686 (6th Cir.

12

2005); and may argue from the facts that a defense witness, including a testifying defendant, is not worthy of belief. *Portuondo v. Agard*, 529 U.S. 61, 69 (2000); *Cristini v. McKee*, 526 F.3d 888, 901–02 (6th Cir. 2008). Further, a prosecutor's description of a defense argument as a red herring, a smoke screen, or a distraction is not per se improper. *See, e.g., United States v. Bernard*, 299 F.3d 467, 487–88 (5th Cir. 2002); *United States v. Rivera*, 971 F.2d 876, 883 (2d Cir. 1992). Indeed, a prosecutor's reference to "red herrings" does not denigrate or improperly disparage defense counsel where, as here, the prosecutor's arguments highlight the evidence against the defendant and are designed to persuade the jury to believe the prosecutor's theory of the case. *United States v. Burroughs*, 465 F. App'x 530, 535 (6th Cir. 2012).

Here, the prosecutor's rebuttal arguments were based upon the evidence and the testimony presented at trial. While the prosecutor's language may have been strong or colorful at times, it was not inappropriate, particularly when considered in the context of the case and defense counsel's arguments. The prosecutor did not improperly denigrate defense counsel nor attack counsel's integrity. Rather, the prosecutor argued that Petitioner was not credible, contested the defense theory, and criticized defense counsel's characterization of the evidence presented at trial. The prosecutor also argued from the facts that the defense case was not worthy of belief.

As such, the disputed remarks "were not so much a personal attack on counsel as a commentary on the strength of the merits of [Petitioner's] defense." *United States v. Graham*, 125 F. App'x 624, 634 (6th Cir. 2005). Accordingly, this Court concludes they were not improper. *Id.* at 633–35.

Additionally, this Court denotes that a prosecutor has wide latitude in responding to the defense's case. *See Wogenstahl v. Mitchell*, 668 F.3d 307, 330 (6th Cir. 2012); *see also United States v. August*, 984 F.2d 705, 715 (6th Cir. 1992) ("A prosecutor commenting that the defense is attempting to trick the jury is a permissible means of arguing so long as those comments are not overly excessive or do not impair the search for the truth."). Here, the prosecutor's rebuttal remarks were made in response to defense counsel's closing arguments. They are therefore less likely to rise to the level of misconduct warranting habeas relief. *See, e.g., Darden v. Wainwright*, 477 U.S. 168, 182 (1986) (one factor in evaluating claims of prosecutorial misconduct is whether the prosecutor's statements were "invited by or was responsive" to the defense).

Lastly, to the extent that any of the prosecutor's remarks could be seen as improper, they were not so pervasive or misleading as to render the trial fundamentally unfair. *See United States v. Young*, 470 U.S. 1, 11 (1985)(discussing invited response and stating that "[i]nappropriate prosecutorial comments, standing

alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding").  Any potential prejudice to Petitioner was also mitigated by the fact that the trial court properly instructed the jury on the law and explained that the attorneys' comments were not evidence. *See, e.g., Knapp v. White*, 296 F. Supp. 2d 766, 776 (E.D. Mich. 2003).  Jurors are presumed to follow the court's instructions.  *See Penry v. Johnson*, 532 U.S. 782, 799 (2001) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)); *United States v. Powell*, 469 U.S. 57, 66 (1984) ("Jurors ... take an oath to follow the law as charged, and they are expected to follow it.").

In sum, Petitioner fails to establish that the prosecutor engaged in misconduct which rendered his trial fundamentally unfair.  Stated differently, any prosecutorial error during the rebuttal argument was harmless given the significant evidence of Petitioner's guilt presented at trial and therefore did not impact the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (holding that a constitutional error implicating trial procedures is considered harmless on habeas review if it did not have a "substantial and injurious effect or influence in determining the jury's verdict"); *see also Fry v. Pliler*, 551 U.S. 112, 117–18 (2007) (confirming that the *Brecht* standard applies in "virtually all" habeas cases); *Ruelas v. Wolfenbarger*, 580 F.3d 403, 412 (6th Cir. 2009) (ruling that *Brecht* is "always the test" in the Sixth Circuit).  More

importantly, for purposes of habeas review, the Michigan Court of Appeals' decision to that effect was reasonable.  Accordingly, habeas relief is not warranted on this claim.

### 2.    Ineffective Assistance of Counsel Claim

Petitioner relatedly asserts that he is entitled to habeas relief because defense counsel was ineffective for failing to object to the alleged prosecutorial misconduct. ECF No. 1, PageID.29.  Respondent argues that this claim lacks merit.  ECF No. 7, PageID.79.

The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel.  First, a petitioner must prove that counsel's performance was deficient.  *Strickland*, 466 U.S. at 687.  This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment.  *Id*.  Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been "so serious as to deprive the defendant of a fair trial" or appeal.  *Id*.

To satisfy the first prong, a petitioner must identify acts that were "outside the

16

wide range of professionally competent assistance." *Id*. at 690.  The reviewing court's scrutiny of counsel's performance is highly deferential.  *Id*. at 689.  There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  *Id.* at 690.  The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the second prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  A reasonable probability is one that is "sufficient to undermine confidence in the outcome" of the proceeding.  *Id*.  "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result."  *Id.* at 686.

The Supreme Court has determined that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference given to trial attorneys and state appellate courts reviewing their performance.  "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."  *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal and

end citations omitted).  "When § 2254(d) applies, the question is not whether

counsel's actions were reasonable.  The question is whether there is any reasonable

argument that counsel satisfied *Strickland's* deferential standard." *Id.*

The Michigan Court of Appeals considered this claim and denied relief.  The

court explained:

> Likewise, we do not find that defendant was denied effective assistance
> of counsel. The prosecutor's comments were proper, so counsel would
> have had no basis for making an objection. Counsel cannot be
> ineffective for failing to make a meritless or futile objection. *People v.
> Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Furthermore,
> as discussed, we do not find the remark to have been significant to the
> outcome of the proceedings, so any objection thereto likewise would
> have made no difference. *Id.* at 51. Defendant has not shown that trial
> counsel was ineffective.

*People v. Grafton*, No. 329088, 2016 WL 7610188, *3 (Mich. Ct. App. Dec. 29,

2016) (unpublished).

This Court finds that the Michigan Court of Appeals' decision is neither

contrary to Supreme Court precedent nor an unreasonable application of federal law

or the facts.  In light of the Michigan Court of Appeals' ruling and this Court's

conclusion that the prosecutor did not engage in misconduct which rendered the trial

fundamentally unfair, Petitioner cannot establish that counsel erred and/or that he was

prejudiced by counsel's conduct.  Defense counsel cannot be deemed ineffective for

failing to make a futile or meritless objection.  *See Coley v. Bagley*, 706 F.3d 741,

752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000). In sum, Petitioner fails to establish that defense counsel was ineffective. Habeas relief is thus not warranted on this claim.

Accordingly, the Court concludes that Petitioner's claims lack merit and that he is not entitled to federal habeas relief.

### C.      Certificate of Appealability and Leave to Appeal *In Forma Pauperis*

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the petitioner is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different matter, or that the issues presented were adequate to deserve encouragement to proceed further. When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find that the district

court's assessment of the constitutional claims are debatable or wrong. *Id*. at 484.

Here, the Court declines to issue a certificate of appealability because Petitioner failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub*, 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

## V. CONCLUSION & ORDER

For the reasons articulated above, **IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTH ORDERED** that Petitioner is **DENIED** leave to appeal *in forma pauperis*.

**IT IS SO ORDERED**.

Dated:  October 19, 2020

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

### CERTIFICATE OF SERVICE

A Copy of this Order was served on Marshawn Terrill Grafton, No. 664974, Baraga Maximum Correctional Facility, 13924 Wadaga Road, Baraga, Michigan 49908 on October 19, 2020, by electronic and/or ordinary mail.

/s/ Teresa McGovern
Deputy Clerk

21